AARON & PATERNOSTER, LTD.
MATTHEW E. AARON, ESQ.
Nevada Bar No. 4900
2300 West Sahara Avenue, Suite 650, Box 30
Las Vegas, Nevada 89102
PH: (702) 384-4111
FX: (702) 387-9739
email: bk@aaronpaternoster.com
Attorneys for Debtor(s)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:                                                        ) Chapter 13 Proceedings
                                                              ) Case No: 09-11640-BAM
BRADFORD DANLEY,                              )
                                                              )
          Debtor(s).                                      ) DATE: 12/08/2009
                                                              ) TIME: 1:30 P.M.

## OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW, Debtor, BRADFORD DANLEY, ("Debtor"), by and through his attorney, the law firm of AARON & PATERNOSTER LTD., and hereby submits this Opposition to Motion for Relief from Automatic Stay.

This Opposition is based on the following Memorandum of Points and Authorities, the attached Exhibits, all papers and pleadings on file herein, and any other argument or evidence permitted by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.

## STATEMENT OF FACTS

1. Debtor filed the instant Chapter 13, Case Number 09-11640-BAM, on February 7, 2009. On the petition date, Debtor owned real property located at or about 911 Squaw Peak Drive, Henderson, Nevada 89014 ("Property"). Debtor values this property at a fair market value of $278,500.00.

2. Debtor has tried to make the mortgage payments Movant has alleged are delinquent. When making the September, 2009 payment, the Debtor sent a check for the entire

1  amount of the September mortgage payment. However, when the mortgage company
2  electronically cashed the check, they only cashed it for $1,000.00. The mortgage payments for
3  October and November were mailed. However, neither check was ever cashed nor were they
4  ever returned to Debtor. When Debtor called and attempted to make the payments electronically
5  over the phone, the Movant refused to accept his payments citing the bankruptcy as the reason.
6  Now Movant has filed this motion and included attorney fees, as well as late fees. Debtor still
7  has the money in the bank to make these mortgage payments and is willing and able to make
8  these payments. Debtor is requesting an APO for the mortgage arrearage and an accounting of
9  his payment history as the $1,000.00 payment received in September wasn't included in this
10 motion. Debtor is mailing December's mortgage payment with a letter from Debtor's attorney
11 requesting they accept the payment.

## II.

## LEGAL ARGUMENT

Movant's Motion argued it owns the current interests in the first note and deed of trust and alleges that the Debtor and bankruptcy estate have insufficient equity in the property.

### 1.   11 U.S.C. § 362(d) - Relief from Automatic Stay

"To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case that 'cause' exists for relief under § 362(d)(1)."[1] A prima facie case requires Movant show "a factual and legal right" to relief.[2] "If the movant fails to meet its initial burden to demonstrate cause, relief from the automatic stay should be denied."[3] Therefore, Movant must prove it has a "lack of adequate protection" in the Property; or Movant must prove Debtor "does not have an equity" in the Property and the Property "is not necessary to [Debtor's]

---

[1] *In re Plumberex Specialty Products, Inc.*, 311 B.R. 551, 557 (Bkrtcy.C.D.Cal.,2004) (citing *Mazzeo v. Lenhart* (*In re Mazzeo*), 167 F.3d 139, 142 (2nd Cir.1999); *Duvar Apt., Inc. v. Fed. Deposit Ins. Corp.* (*In re Duvar Apt., Inc.*), 205 B.R. 196, 200 (9th Cir. BAP 1996); *FSFG Serv. Corp. v. Kim* (*In re Kim*), 71 B.R. 1011, 1015 (Bankr.C.D.Cal.1987).

[2] *Id.* (citing *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr.S.D.N.Y.1994); *In re Planned Systems, Inc.*, 78 B.R. 852, 859-60 (Bankr.S.D.Ohio 1987); 3 Collier on Bankruptcy ¶ 362.10, at 362-117 (Alan N. Resnick & Henry J. Sommers eds., 15th ed. rev.2003)).

[3] *Id.* (citations omitted).

effective reorganization."[4]

The Debtor agrees there is no equity in the Property. However, Movant failed to prove the Property "is not necessary to [Debtor's] effective reorganization." This route requires Movant prove both elements. Even if Debtor concedes the first element, Movant failed to put forth any evidence showing the Property "is not necessary to [Debtor's] effective reorganization." A basic tenet of bankruptcy is a stable and established residence is highly beneficial to an individual or family's stability, thus, contributive to the well being of society. Because Movant failed to put forth any evidence showing the Property "is not necessary to [Debtor's] effective reorganization," Movant's Motion should be denied.

### III.

### CONCLUSION

Debtor has made, or will make, appropriate payments to bring his obligation current with Movant through an APO. In addition, Debtor seeks the assistance of this Court and/or her Chapter 13 Trustee in resolving the issue of the amount of his indebtedness to Creditor U S Bank by ordering Movant to provide an accounting or payment history.

WHEREFORE, based on the foregoing, Debtor respectfully requests this Court deny the Motion for Relief from Automatic Stay, and grant other relief the Court deems just, equitable, or appropriate.

Dated this 2nd day of December, 2009.

AARON & PATERNOSTER LTD.

/s/ MATTHEW E. AARON
MATTHEW E. AARON, ESQ.
Nevada Bar No. 4900
2300 West Sahara Avenue, Suite 650
Las Vegas, Nevada 89102
Attorneys for Debtor

---

[4] 11 U.S.C. § 362(d)(1)-(2).

**CERTIFICATE OF SERVICE OF OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

1. On December 2, 2009, I served the following document(s)

OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

2. I served the above-named document(s) by the following means to the persons as listed below:

    **x**    a. ECF System (You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary.)

    Trustee Kathleen Leavitt: courtsecf3@las13.com

    **x**    b. United States mail, postage fully prepaid, addressed as follows: (List persons and addresses. Attach additional paper if necessary.)

Gregory Wilde, Esq.
WILDE & ASSOCIATES
208 S. Jones Blvd
Las Vegas, NV 89107

Mark Bosco, Esq
TIFFANY & BOSCO, P.A.
2525 East Camelback Rd., Suite 300
Phoenix, AZ 85016

Bradford Danley
911 Squaw Peak Drive
Henderson, NV 89014

    o    c. Personal Service (List persons and addresses. Attach additional paper if necessary) I personally delivered the document(s) to the persons at these addresses:

    o    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the documents(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents(s) in a conspicuous place in the office.

    o    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

    o    d. By direct email (as opposed to through the ECF System) (List persons and email addresses. Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission,.any electronic message or other indication that the transmission was unsuccessful.

    o    e. By fax transmission (List persons and fax numbers. Attach additional paper if necessary)

1     Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

    o    f. By messenger (List persons and addresses. Attach additional paper if necessary) I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service,).

I declare under penalty of perjury that the foregoing is true and correct.

Signed on: December 2, 2009.

*[signature]*

An employee of Aaron & Paternoster, Ltd.